## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ERICK CHRISTOPHER FALLS | ) | CHAPTER 7 |
| PEGGY ANN FALLS | ) | |
| | ) | |
| Debtors. | ) | CASE NO. 07-70111 |

### MEMORANDUM DECISION DENYING MOTION TO VACATE ORDER DENYING REAFFIRMATION AGREEMENT

The matter before the Court is the male Debtor's Motion to Vacate Order Disapproving of Reaffirmation Agreement filed on August 10, 2011. This Motion was initially heard by Judge Ross W. Krumm on September 8, 2011 and by order entered the next day the Motion was continued generally to permit such Debtor a further opportunity to explore a loan modification to cure a pre-petition arrearage on their mortgage loan from CitiFinancial. On June 27, 2012 the Court scheduled a status hearing on the matter for September 11, 2012, which was subsequently rescheduled to September 10, 2012 when Judge Rebecca B. Connelly recused the matter to the undersigned judge. At that rescheduled hearing the Debtors jointly appeared pro se and advised the Court that they had never been able to get CitiFinancial to respond to their request for a loan modification and that they were willing to accept the Court's original decision denying approval of the Reaffirmation Agreement. The Court concurs in this request. Accordingly, it will dismiss the Debtors' Motion. In doing so, however, the Court notes that the effort to obtain the Court's approval of the Reaffirmation Agreement appears to have been based upon the erroneous assumption that such approval was a pre-condition to CitiFinancial's consideration of their loan modification request.

Assuming that the Debtors' request for a loan modification is made pursuant to the federal government's mortgage loss reduction program known by the acronym HAMP, the government has made it clear that mortgage lenders may not require their customers to reaffirm a discharged mortgage debt as a condition to considering their loan modification applications. This Court was presented with that question last year in an adversary proceeding filed in the case of *In re Reynolds*, No. 09-71964. In a Memorandum Decision dismissing with prejudice the debtor's complaint against his mortgagee and other defendants, this Court considered whether that party's opportunity to seek a loan modification had been lost by reason of the entry of an order of discharge to him before he had entered into a reaffirmation agreement with respect to his mortgage indebtedness:

> Finally, the lack of a reaffirmation agreement with the Bank and the issuance of the discharge to the Debtor do not appear to preclude the latter even now from filing an application under the HAMP program. Indeed the Treasury Department has issued a directive expressly providing that "[b]orrowers who have received a Chapter 7 bankruptcy discharge in a case involving the first lien mortgage who did not reaffirm the mortgage debt under applicable law are eligible for HAMP." Supplemental Directive 10-02, March 24, 2010, quoted in Bankruptcy Judge Duncan's decision in the case of *In re Tincher*, 2011 WL 2650569 at *3 (Bkrtcy. D.S.C. July 5, 2011). Judge Duncan expressly followed an earlier decision by Bankruptcy Judge Mayer of the Eastern District of Virginia that the mortgagee may not require prior execution of a reaffirmation agreement as a condition of considering a HAMP application. *Tincher* at *3, quoting from *In re Pope*, 2011 WL 671972 at *1 (Bkrtcy. E.D. Va. Feb. 17, 2011). *Accord In re Bellano*, 2011 WL 3563012 at *4 (Bkrtcy. E.D. Pa. Aug. 11, 2011) (Raslavich, J.).

*Reynolds v. Wells Fargo Bank, N.A. (In re Reynolds)*, Adv. Proc. No. 11-07012, slip op. at 27-28

(Bankr. W.D. Va. Sept. 6, 2011).[1]

For these reasons the Court in a separate order contemporaneously entered will deny and dismiss the Debtors' Motion to Vacate Order Disapproving of Reaffirmation Agreement and further direct the Clerk to enter the order of discharge for their benefit which had been deferred pending a final ruling upon such Motion.

DECIDED this 12th day of September, 2012.

_____
UNITED STATES BANKRUPTCY JUDGE

---

[1] The entire decision can be found on this Court's website (www.vawb.uscourts.gov).

3